IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY PAUL HORSTMAN,

    Petitioner,                       No. CIV S-06-0900 FCD CMK P

    vs.

CHERYL K. PLILER, Warden

    Respondent.                   FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 1, 2006, respondent filed a motion to dismiss petitioner's application on the grounds that it was filed beyond the one-year statue of limitations contained in 28 U.S.C. § 2244(d)(1) and (2). Petitioner filed an opposition to the motion to dismiss on November 13, 2006.

I.    Statute of Limitations

        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. AEDPA places a one year statute of limitations on the filing of petitions for writs of habeas corpus. See 28 U.S.C. § 2244(d). The one-year limitations period

///

///

applies to all federal petitions filed after the effective date of AEDPA. Untimely petitions are barred from federal review. See 28 U.S.C. § 2244(d). As this petition was filed on April 26, 2006, the AEDPA's statue of limitations applies.

Generally, a state prisoner challenging his custody has one year to file his federal petition from the date on which his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). Although petitioner's conviction became final over five years prior to Congress passing the AEDPA, petitioner was given the benefit of the one-year limitation period after its enactment on April 24, 1996, to file his habeas petition. See Calderon v. District Court (Beeler), 128 F.3d 1283 (9th Cir. 1997). Therefore, petitioner's limitation period began to run on April 25, 1996. Calculating the timeliness of the federal petition requires more than simply looking at the date of the final state court judgment and the date the federal petition was filed. That is because the proper filing of a state habeas petition application concerning the pertinent conviction tolls the one-year limitations period. See 28 U.S.C. § 2244(d)(2).

AEDPA's one year statute of limitations provision is subject to equitable tolling. See United States Dist. Ct. (Beeler), 128 F.3d at1288, overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc). In order to win equitable tolling, a prisoner must demonstrate (1) extraordinary circumstances beyond the prisoners control that (2) made it impossible to file a petition on time. Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." See Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003). The burden of demonstrating grounds for equitable tolling rests with the prisoner. See id.

II.  Discussion

Petitioner plead no contest to first-degree murder and admitted the special allegation that he used a knife during the commission of the crime in September 1991 and was sentenced to 26 years to life in October 1991. (Resp. Ex. A.) Petitioner did not appeal his conviction. As noted above, petitioner's conviction became final prior to the passage of the AEDPA in 1996. Petitioner was given the full benefit of the one-year period after its enactment on April 24, 1996 to file a federal habeas petition. See District Court (Beeler), 128 F.3d at 1283. Accordingly, petitioner's one year limitation period began to run on April 25, 1996 and, absent any tolling, his federal petition was due on April 24, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner filed his first state habeas application on November 5, 1997, nearly seven months after the one-year limitations period had run. Petitioner's state habeas application was denied on May 22, 1998. (Resp. Exs. A and B.) On March 26, 1999, petitioner filed an amended petition for habeas relief in state court. (Id., Ex. C.) This habeas petition was denied on August 15, 2000. Petitioner filed a petition for a writ of mandate on July 30, 2001 requesting transcripts of the evidentiary hearing held on his March 1999 habeas petition, and the superior court granted that petition on August 16, 2001. (Id., Ex. F.) Petitioner took no further action until September 24, 2004, when he filed a petition for habeas relief in the California Court of Appeal, First Appellate District. (Id., Ex. G.) The Court of Appeal denied that petition on October 1, 2004. (Id.) Petitioner filed a habeas petition with the California Supreme Court on November 24, 2004. (Id., Ex. H.) The Supreme Court denied that petition on December 14, 2005. (Id.) Petitioner filed the instant petition on April 26, 2006.

In short, petitioner did not file his federal habeas petition within the one-year statute of limitations—by April 24, 1997. As petitioner did not file a state habeas petition until nearly seven months after the one-year limitation, he is not entitled to tolling under See 28 U.S.C. § 2244(d)(2).

1           Petitioner, however, argues that he is entitled to equitable tolling because
2 extraordinary circumstances justified his delay in filing his state habeas petition.  As noted
3 above, petitioner bears the burden of demonstrating that he is entitled to equitable tolling.
4 See Guillory, 329 F.3d at 1018.  In support of his assertion, petitioner argues that "it was newly
5 discovered evidence, which was discovered by petitioner while he was diligently pursuing his
6 appeal" that provides good cause for his delay in filing his federal habeas petition.  (Opp'n, 4:12-
7 19.)  He also appears to contend that he had retained an attorney and that his attorney was
8 preparing his habeas petition between 1995 and September 1997.  (Id., 7:4-23.)  Petitioner
9 further states that, in 2000, his attorney failed to file an appeal as promised and refused to answer
10 any of petitioner's letters.  (Id., 16:23-28; 17:1-25.)

11           Despite his lengthy opposition, petitioner has not demonstrated any extraordinary
12 circumstances which made it impossible for him to file his federal habeas petition by April 24,
13 1997.  Ordinary negligence of counsel, which petitioner appears to assert as the justification for
14 his delay, does not constitute extraordinary circumstances sufficient to warrant equitable tolling.
15 See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); see also, Jurado v. Burt, 337 F.3d
16 638, 642 (6th Cir. 2003)(petitioner not entitled to equitable tolling of one-year limitations period,
17 even though counsel undertook extensive investigation and preparatory actions during 19 month
18 period between affirmance on direct appeal and filing of state habeas petition).  Although it is
19 true that petitioner's attorney's failure to file an appeal as promised could constitute egregious
20 misconduct, which could trigger equitable tolling, this alleged misconduct did not occur until
21 three years after petitioner's one-year limitations period had passed.   In short, petitioner has not
22 presented extraordinary circumstances which prevented him from filing his federal habeas
23 petition within the one year deadline.  The court finds that he is not entitled to equitable tolling.
24 See Miles, 187 F.3d at 1107, Miranda v. Castro, 292 F.3d at 1063.
25 ///
26 ///

In accordance with the above, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss petitioner's habeas application with prejudice on the grounds that it was filed beyond the one year statute of limitations be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 9, 2007.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE