IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY PAUL HORTSMAN, | No. CIV S-06-0900-FCD-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| CHERYL K. PLILER, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's request for reconsideration of the order dismissing his untimely petition. He claims there is a new United States Supreme Court decision, Beard v. Kindler, 130 S. Ct. 612 (2009), which holds the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") do not apply to federal habeas petitions in California.[1] He is requesting the ability to refile or reinstate his habeas petition.

---

[1] The accuracy of petitioner's description of this case is questionable. In Beard, the Supreme Court addressed the adequacy of state procedural rules, not the application of the statute of limitations contained in AEDPA.

1

To the extent petitioner is requesting reconsideration of this court's order, such a request must be denied as untimely. The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than ten days after entry of the judgment.[2] See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[3] See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable

---

[2] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 10-day period from the date the motion was delivered to prison authorities for mailing to the court. Otherwise, the 10-day period is calculated based on the date the motion for reconsideration is actually filed.

[3] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1  neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been
2  discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct
3  of an opposing party.  A motion for reconsideration on any of these grounds must be brought
4  within a reasonable time and no later than one year of entry of judgment or the order being
5  challenged.  See Fed. R. Civ. P. 60(c)(1).

6        Here, final judgment was entered on February 14, 2007.  Petitioner then appealed
7  that decision, which was denied by the Ninth Circuit Court of Appeals on August 6, 2007.  More
8  than one year has elapsed since entry of judgment in this case.  Petitioner's May 23, 2011,
9  request for reconsideration is therefore untimely.[4]

10       Accordingly, IT IS HEREBY ORDERED that petitioner's request for
11 reconsideration (Doc. 32) is denied.
12 DATED: June 23, 2011.

                                   FRANK C. DAMRELL, JR.
                                   UNITED STATES DISTRICT JUDGE

---

[4] To the extent petitioner is requesting permission of this court to file a second or successive petition, such a request must be filed with the Ninth Circuit.  See 28 U.S.C. § 2244(b)(3).

3